UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL CUNNINGHAM
400-Fifth Street, N.W Ste 250
Plaintiff  WDC 20001

v.

UNITED STATES OF AMERICA

CASE NUMBER 1:05CV01545

JUDGE: Paul L. Friedman

DECK TYPE: Pro se General Civil

DATE STAMP: 07/29/2005

FILED
JUL 2 9 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**DEFENDANT'S COMPLAINT FOR DAMAGES**
**(Negligence, 42 USC 1983)U.S.S, Title 28, Sec.1343 and 1346)**

Jurisdictional Statement

1. Jurisdiction is founded upon USC 28-1343 and 1346 respectively.

2. All of the events complained of occurred in the District of Columbia.

Parties

3. The plaintiff, Michael Cunningham is a resident of Norfolk, Virginia, but at all times relevant to the actions complained of, was under the custody of the United States of America in the District of Columbia

4. The defendants, the United States of America and the United States Marshal Service for the District of Columbia are the entities in direct control of prisoner safety and transport and hosts of other functions, for the local courts and detention system of the District of Columbia.

Cause of Action

5. Paragraphs through 4 are herein incorporated by reference.

RECEIVED
JUL - 8 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

6. On or about December 2, 2003, at eleven o'clock in the morning, Plaintiff Michael Cunningham was escorted forth-with by the United States Marshals Service to the Superior Court of the District of Columbia on the order of Associate Judge Wertheim.

7. Without regard to the nature of the offense with which Mr. Cunningham was charged his age or his health condition, Mr. Cunningham was detained and not separated from younger, more violent offenders charged with more serious crimes.

8. At approximately 12:30 on December 2, 2003 Plaintiff was accosted by a youthful prisoner in and extremely hostile manner.

9. Upon seeking assistance from the United States Marshal's and discovering none were available, the plaintiff attempted to retreat from the offender and moved to the far end of the open cell block away form the immediate are of hostility.

10. Approximately three to four minutes later, after assuming the hostilities were quelled, the plaintiff was viciously attacked from behind, having no inclination of any hostile pursuit, as he was wantonly stabbed in his right eye.

11. Plaintiff screamed and shouted for help for several life threatening minutes before Deputy United States Marshals finally arrived to subdue this vicious, life threatening, and facially disfiguring attack.

12. There were no Marshals present near or about, that is to say, at a distance where the activity complained of could be observed, when Mr. Cunningham was attacked.

13. The United States Marshals Service was negligent in the following manner:

    a. Failed to separate violent and non-violent offenders;

    b. Failed to separate youthful and elderly defendants;

    c. Failed to adequately search detained persons so as to insure that all persons were weapon free;

    d. Failed to identify the need to separate plaintiff from general population based on plaintiff's health and medical history:

    e. Failed to provide adequate security, safety measures, and surveillance so as to insure the safety of individuals entrusted to their care.

    f. U.S Deputy Marshal's failed to demonstrate the proper training requirements for observing prisoners with medications and or medical disabilities.

    g. U.S Deputy Marshal's failed to screen all prisoners being held kin the DC Superior Courts holding cells or they would have known or should have known that the plaintiff was merely serving less than a Nincty days probation revocation and not a violent criminal under indictment or newly charged felon and should have been separated upon entry into the DC Superior Court.

    h. Plaintiff was denied his First Amendment Right to full expression of his right to be free from being held with violent felony prisoners

    i. Plaintiff was denied his First and Fourteenth Amendment protection of being treated fairly and equally to other prisoners being held by

       United Sates Marshals Service as that are classified and handled

       Special Handling & Housing States Prisoners.

   j. Plaintiff was denied the protection guaranteed by the Eighth

       Amendment to The United States Constitution prohibiting cruel and

       unusual punishment.

14. As a result of the negligence of the United States Marshals in exercising their duty to protect and keep safe the plaintiff, plaintiff has suffered intense emotional distress often awakening at night screaming in pain a permanent loss of vision in the eye in which he was stabbed.

15. Plaintiff must undergo additional surgery to assist in the hope improved of his medical condition resulting form the stabbing attack noted herein.

**REST OF PAGE LEFT BLANK INTENTIONALLY**

16. Accordingly, the plaintiff demands judgment in the amount of TEN MILLION DOLLARS ($10,000,000) plus attorney's fees and costs.

I, Michael Bobby Cunningham, having read the foregoing complaint for damages, by my signature affixed hereto, state that the representations made herein are true and accurate to the best of my recollection, belief and knowledge.

Signed and sworn to in the presence of a notary public.

_Michael Cunningham_
MICHAEL BOBBY CUNNINGHAM

Michael Bobby /Cunningham, having personally appeared before me this __5th__ day of May 2005 and signing before me having sworn or affirmed the truth of the matters contained herein.

_Karen L Bailey_
NOTARY PUBLIC

My Commission Expires: 06/30/06

Respectfully submitted:

_____
Janai C. Reed        Bar # 420259
Attorney for Michael Bobby Cunningham
400 Fifth Street, Northwest
Washington D.C. 20001
T: (202) 347-7575
F: (202) 347-1717

JURY DEMAND

Plaintiff hereby demands a trial by a jury of twelve of his peers.