UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHAEL CUNNINGHAM, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 05-1545 (PLF) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**JOINT RULE 16.3 REPORT**

The parties respectfully submit this case management plan as required by LCvR 16.3(c), setting forth their proposals regarding the matters specified in LCvR 16.3(c) and providing a proposed scheduling order. The parties' proposals are set forth below in the same order in which the matters are listed in LCvR 16.3(c).

1. **Whether the case is likely to be disposed of by dispositive motion.**

    Plaintiff: No.

    Defendant: Yes.

    **Whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

    N/A.

2. **The date by which any other parties shall be joined or the pleadings amended.**

    January 15, 2005.

**Whether some or all of the factual and legal issues can be agreed upon or narrowed.**

Unknown at this juncture.

3. **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not consent to such an assignment.

4. **Whether there is a realistic possibility of settling the case.**

Unknown at this time.

5. **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

Yes, upon completion of discovery.

6. **Whether the case can be resolved by summary judgment or motion to dismiss.**

Plaintiff: No.

Defendant: Yes.

**Dates for filing dispositive motions and/or cross-motions, oppositions, and replies.**

Dispositive motions: 60 days after completion of discovery.

Oppositions: 30 days after service of dispositive motions.

Replies: 30 days after service of oppositions.

**Proposed date for a decision on the motions.**

60 days after due date for replies, or as soon thereafter as is consistent with the Court's calendar.

7. **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1).**

    Yes.

8. **How long discovery should take.**

    Four months.

**What limits should be placed on discovery (e.g., number of interrogatories, number of depositions, duration of depositions).**

    Interrogatories: 25 interrogatories per side.

    Depositions: 5 depositions per side.

    Duration of depositions: One day, seven hours. Pursuant to Fed. R. Civ. P. 30(d)(2), the parties may request flexibility in the duration of depositions if needed to ensure a fair examination of the deponents.

**Whether a protective order is appropriate.**

    A protective order should not be necessary.

**A date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

    Four months from the initial scheduling conference.

9. **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) should be modified.**

    Yes. Plaintiff's expert report(s) shall be due two months after the start of discovery.

    Defendant's expert report(s) shall be due three months after the start of discovery.

**Whether and when depositions of experts should occur.**

During the discovery period.

10. **In class actions, appropriate procedures.**

    N/A.

11. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation?**

    No.

12. **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

    The parties propose that the court set a status conference for thirty (30) days after the close of discovery, and that the Court set a pretrial conference date at that time.

13. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

    The parties propose that the court set a trial date at the pretrial conference.

14. **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

    N/A.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____/s/_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

_____/s/_____
STRATTON C. STRAND, D.C. Bar #464992
Assistant United States Attorney

Counsel for Defendant United States


Respectfully submitted,


_____
JANAI C. REED, Esq., D.C. Bar #420259
400 Fifth Street, N.W.
Washington, D.C. 20001

Attorney for Plaintiff