UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL CUNNINGHAM          )
                            )
    Plaintiff               )
                            )
                            )
v.                          ) **Civil Action No.: 1:05-CV-1545PLF**
                            )
                            )
UNITED STATES OF AMERICA

**DEFENDANT'S AMENDED COMPLAINT FOR DAMAGES**
**(Negligence, 42 USC 1983)U.S.S, Title 28, Sec.1343 and 1346)**

Jurisdictional Statement

1. Jurisdiction is founded upon USC 28-1343 and 1346 respectively.

2. All of the events complained of occurred in the District of Columbia.

Parties

3. The plaintiff, Michael Cunningham is a resident of Norfolk, Virginia, but at all times relevant to the actions complained of, was under the custody of the United States of America in the District of Columbia

4. The defendants, the United States of America and the United States Marshal Service for the District of Columbia are the entities in direct control of prisoner safety and transport and hosts of other functions, for the local courts and detention system of the District of Columbia.

Cause of Action

5. Paragraphs through 4 are herein incorporated by reference.

6. On or about November 12, 2003, at eleven o'clock in the morning, Plaintiff Michael Cunningham was escorted forth-with by the United States Marshals Service to the Superior Court of the District of Columbia on the order of Associate Judge Wertheim.

7. Without regard to the nature of the offense with which Mr. Cunningham was charged his age or his health condition, Mr. Cunningham was detained and not separated from younger, more violent offenders charged with more serious crimes.

8. At approximately 12:30 on Nove3mber 12, 2003 Plaintiff was accosted by a youthful prisoner in an extremely hostile manner in that he was stabbed by this youthful offender with a sharp object.

9. Upon seeking assistance from the United States Marshal's and discovering none were available, the plaintiff attempted to retreat from the offender and moved to the far end of the open cell block away form the immediate are of hostility.

10. Approximately three to four minutes later, after assuming the hostilities were quelled, the plaintiff was viciously attacked from behind, having no inclination of any hostile pursuit, as he was wantonly stabbed in his right eye.

11. Plaintiff screamed and shouted for help for several life threatening minutes before Deputy United States Marshals finally arrived to subdue this vicious, life threatening, and facially disfiguring attack.

12. There were no Marshals present near or about, that is to say, at a distance where the activity complained of could be observed, when Mr. Cunningham was attacked.

13. After the attack on November 12, 2003, at approximately 1:54 in the afternoon, Mr. Cunningham was transported by ambulance, accompanied by members of the United States Marshal's Service to the to the Georgetown University Hospital.

14. The United States Marshals Service was negligent in the following manner:

   a. Failed to separate violent and non-violent offenders;

   b. Failed to separate youthful and elderly defendants;

   c. Failed to adequately search detained persons so as to insure that all persons were weapon free;

   d. Failed to identify the need to separate plaintiff from general population based on plaintiff's health and medical history:

   e. Failed to provide adequate security, safety measures, and surveillance so as to insure the safety of individuals entrusted to their care.

   f. U.S Deputy Marshal's failed to demonstrate the proper training requirements for observing prisoners with medications and or medical disabilities.

   g. U.S Deputy Marshal's failed to screen all prisoners being held kin the DC Superior Courts holding cells or they would have known or should have known that the plaintiff was merely serving less than a Ninety days probation revocation and not a violent criminal under indictment

        or newly charged felon and should have been separated upon entry into the DC Superior Court.

    h. Plaintiff was denied his First Amendment Right to full expression of his right to be free from being held with violent felony prisoners

    i. Plaintiff was denied his First and Fourteenth Amendment protection of being treated fairly and equally to other prisoners being held by United Sates Marshals Service as that are classified and handled Special Handling & Housing States Prisoners.

    j. Plaintiff was denied the protection guaranteed by the Eighth Amendment to The United States Constitution prohibiting cruel and unusual punishment.

15. As a result of the negligence of the United States Marshals in exercising their duty to protect and keep safe the plaintiff, plaintiff has suffered intense emotional distress often awakening at night screaming in pain a permanent loss of vision in the eye in which he was stabbed.

16. Plaintiff must undergo additional surgery to assist in the hope improved of his medical condition resulting form the stabbing attack noted herein.

**REST OF PAGE LEFT BLANK INTENTIONALLY**

16. Accordingly, the plaintiff demands judgment in the amount of TEN MILLION DOLLARS ($10,000,000) plus attorney's fees and costs.

                Respectfully submitted:

                _____
                Janai C. Reed  Bar # 420259
                Attorney for Michael Bobby Cunningham
                601 Pennsylvania Avenue, Northwest
                Suite 900 South
                Washington D.C. 20004
                (202) 434-8174; Fax: (202) 434-8176
                **Cell: (202) 262-5831**
                **Email: jreedlaw@myway.com**